**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **ANDREW BURKART,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT** |
| **LEXISNEXIS RISK SOLUTIONS, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against LexisNexis Risk Solutions, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## PARTIES

2. Plaintiff Andrew Burkart is an adult individual residing in the state of Iowa.

3. Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis") is a consumer reporting agency that regularly conducts business in the Northern District of Georgia, and which has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

## JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. LexisNexis may furnish consumer reports to its customers only for specific purposes set forth in the FCRA.

7. Prior to February 2025, Plaintiff had accrued a debt due and owing to Figure Lending LLC (hereinafter "Figure Lending").

8. On or around February 5, 2025, Plaintiff discharged the subject debt via bankruptcy.

9. Plaintiff's bankruptcy is a matter of the public record, and the bankruptcy appears on Plaintiff's LexisNexis consumer report.

10. Because Plaintiff no longer has an existing relationship with Figure Lending, Figure Lending has no permissible purpose under the FCRA to pull Plaintiff's LexisNexis consumer report.

11. LexisNexis is aware that Figure Lending does not have a permissible purpose to pull Plaintiff's LexisNexis consumer report.

12. Since Plaintiff's discharge of the debt owed to Figure Lending in or around February 2025, Figure Lending has pulled Plaintiff's LexisNexis consumer report on hundreds of occasions.

13. LexisNexis has allowed Figure Lending to pull Plaintiff's LexisNexis consumer report, despite Figure Lending having no permissible purpose under the FCRA to do so, since at least February 2025 through the present.

14. Each pull of Plaintiff's LexisNexis report by Figure Lending has appeared as an inquiry on Plaintiff's LexisNexis consumer report. These hundreds of inquiries are visible to any company which views Plaintiff's LexisNexis consumer report, and these inquiries negatively impact Plaintiff's credit score and credit rating.

15. LexisNexis failed to maintain reasonable procedures to avoid furnishing Plaintiff's consumer reports to Figure Lending that it used for impermissible purposes.

16. As a result of Defendant's conduct, Plaintiff has been subjected to numerous invasions of privacy including from unauthorized users and/or intrusions into his highly sensitive and intimate personal information, loss of credit opportunities, harm to credit reputation, and emotional distress including anxiety, frustration, humiliation, embarrassment, and the physical symptoms of his emotional distress.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**COUNT I – VIOLATIONS OF THE FCRA**
**(Plaintiff v. LexisNexis)**

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, LexisNexis was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, LexisNexis is liable to the Plaintiff for willfully and negligently failing to comply with the

requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681b(a).

24. The conduct of LexisNexis was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, LexisNexis is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**WEINER & SAND LLC**

BY: /s/ *Jeffrey Sand*____________________
Jeffrey Sand
Andrew Weiner
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA 30339
(404) 205-5029
js@wsjustice.com
aw@wsjustice.com

/s/ *Joseph L. Gentilcore*_____________
JOSEPH L. GENTILCORE, ESQUIRE
1600 Market Street
Suite 2510
Philadelphia, PA 19103
(215) 735-8600
jgentilcore@consumerlawfirm.com
*(pro hac vice application forthcoming)*

Attorneys for Plaintiff

Dated: August 19, 2026